Exhibit 1

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER**<br><br>***Page 1. of 2. | Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer)<br>Mr. Micheal Harlow, Supt. of SRCF-Mer. | 2. Date:<br>September 13, 2008 |
| --- | --- |
| 3. By: (Print Inmate Name and Number)<br>Mr. Winfred Milner, AP-6690<br>Note: Writer is an approved Inmate Legal Reference Aide.<br>[signature]<br>Inmate Signature | 4. Counselor's Name<br>Mrs. C. Reed |
| | 5. Unit Manager's Name<br>Mrs. R. King |
| 6. Work Assignment<br>Block Worker | 7. Housing Assignment<br>C/A-1002-2. |

8. Subject: State your request completely but briefly. Give details. *Look into the Unfair Treatment and Misadventure of an Inmate, Vietnam Vets, School Tutor/Intellectuals! Sir, You Are Asked to Intervene into this Matter on behalf of Mr. Robert Verbanik, GV-6719; and/or Assign Mr. Theriault, the Major of the Guard, to Investigate Mr. Verbanik's Timely Filed/Good Faith "Inmate Complaint that He was the victim of Inmate Abuse," Misconduct and Being Mistreated by DOC/Mercer Staff. Note We would proffer that He/himself timely wrote 2 (two) DC-135A's to you aforetime, Reporting, "Unprofessional Conduct" pursuant to DC-174 Code of Ethics, B.32. and A. Inmate Abuse Complaint. Here, Verbanik, Also Reported well founded Fears, Misconduct/Violations !!That a DOC/SRCF-Mercer Staff-Member, Violated the ACA Code of Ethics: "Failed to preserve the integrity of (inmate criminal case files) information private;" That this same State Employee failed to refrain from seeking Verbanik's Information for Private Usage! You'll find the DC-141 as being a Retaliation Against Him, by Named Staff-Members for filing a Good Faith Grievance, About his being the brunt of illtreatment by

9. Response: (This Section for Staff Response Only)                    Continues On Next Page...
I will address Mr. Verbanik's concerns with him. I will not address his concerns through you.

To DC-14 CAR only ☐                          To DC-14 CAR and DC-15 IRS ☐

Staff Member Name   Supt. M. Harlow   / [signature]   Date   9/24/08
                        Print                Sign

Revised July 2000

INMATE'S REQUEST TO STAFF MEMBER

To: Mr. Micheal Harlow, Supt. of SRCF-Mercer.    September 13, 2008

From: Mr. Winfred Milner, AP-6690    Housing Unit: C/A-1002-2.

***Page 2. of 2.

Officer Shuller, (C-Unit/6-2 Shift), Revealing his Confidential/Personal Criminal and Medical Information from Verbanik's DC-17, 15 and 14 Files. He Ask that you, Investigate the bad faith' Issuing of the False DC-141 Misconduct on September 11, 2008, (Yet No DC-121 Special Incident Report was ever filed) And Despite, Capt. Deckant being involve with supporting the alleged facts that form the basis of the Staff's Version, Now made by the Charging Officer (CO. Shuller,) He was partial as the Grievance Officer, and now we find his name listed as Ranking Officer, who Signed Off' on the present DC-141 issued to Verbanik; There, see the Trumped-Up and Pretext/Reasons used by Capt. Deckant, to Remove Mr. Verbanik from C-Unit over to A-Unit...Last but not least, You Are Asked to Logically, Review the connecting Special Occurrence, that involves Mr. Verbanik's Documented Commissary Items' Stolen by other A-Unit inmates, from Inside of his New Cell, While he was at recreation, in the Yard; Mr. Verbanik, was Mistreated upon his return from the yard, He Discovered and Reported the Robbery of his Commissary, and the fact One of the Suspects Dropped his Hairbrush inside of his cell, during the act of stealing Verbanik's Commissary, Instantly, the A-Unit Officers dropped the ball, they failed to inquire/investigate the hair brush owner to ascertain, as to just how, or why his brush was inside of the cell, and Commissary Missing? Instead, Mr. Verbanik, concerns fell upon deaf-ears, Herein, the A-Unit CO's and/or Post-Robbery Investigators were more concern with him having the hairbrush return to the suspect! Sir, Please Note, I'm a Good Judge of Character, that in the course of a day he/Verbanik spends approx. 10Hrs. in the company of Inmates who are Black, (Myself) and Hispanic, since his arrival on C-Unit, We Vouch for him and Doubt/Dispute the Accusation that He/Verbanik used the "N" word at anytime concern! In Fact I Would Agree to have Him as a Cellmate, If you were to allow him to be release from RHU, Custody Reinstated on a Behavior Contract to do so...

Respectfully submitted,

*(signature)*
Winfred Milner

I declare under penalty of perjury at 28 U.S.C.§1746 that the foregoing is true and correct. Executed this 13th Day of September, 2008

In the
The Western District of Pa.

Robert R. Verbanik          Civil No. 09-448
 Porse Plaintiff
      V
Superintendant              Jury Trial Demand
Michel Harlow; et.al.

## Affidavit

I, Robert R. Verbanik, do certify under penalty of Falsification at Pa 18 CSA 4904 and perjury at Pa. 18 CSA 4902, that the following is true:

1. Do to a faulty pubic address system that my cellie and I slept in.

2. That I was reprimanded and my cellie was not.

3. That I filed a grievance about these issues and several complaints to the superintendant.

4. That I was threatened by C/O Schuller and that he issued a falsified misconduct #A552586 with temporal proximity to my protected right to grieve and access the courts.

5. That I recieved 60 days RHU time.

6. That I was retaliated in the RHU by C/O Andrews and Sgt mills by being left in the shower for 2 hrs. in retaliation for grieving, then, Superintendant. Harlow.

7. That Andrews said "write the Warden up again and see what happens to you."

8. The hearing examiner refused to call Inmate Milner as a witness against C/O Schuller for his retalitory behavior and that Milner later gave me an affidavit atesting to the facts of Schuller's behavior.

9. The hearing examiner refused to hear my claims of retaliation for the 1st time - due process violation

10. That I was released to general population but was ordered by, Unit Mgr. King, to be put in further restricted housing in blue cloths which was further punishment for two months.

11. That I was harassed and retaliated against repeatedly while in blues, once after the first misconduct 60 days blues, 2nd 120 days.

12. That the day I was being sent to see parole I was retaliated against by Sgt yoke through fasified misconducts and sent yet again to the RHU for 105 days misconduct #B025225.

13. That #B025225 misconduct happened the day after complaints of harassment to Capt. Zetwo and on my way out to see parole.

14. That inmates Sprague and Bragg gave me witness affidavits to Sgt. Yohe's lies on the misconduct.

*15. That as a result of all this retaliation and harassment I was in fear for my safety if I filed/protered further grievances. — Would any person of ordinary firmness file more grievances.

16. That I took the appeals process to Camp Hill's Chief Hearing Examiner's office where these issues where formally exhausted according to D.O.C. policy 801

17. That I was put in blues upon my realease for four months and transfered to SCI Rockview — further punishment after the fact. The foregoing is true and correct to the best of my recollection pursuant to 28 USC 1746 for purjury. Executed dated Sept. 15, 2011

Robert R. Verbanik
Robert R. Verbanik
GV6719 - Rockview
Box A
Bellefonte, Pa 16823

In The U.S. District Court for the
Western District of Pennsylvania

Robert R. Verbanik　　　　　　　　　　Civil No: 09-448
Pro-se-Plaintiff
V.
Michel Harlow, et.al.

## Affidavit

I, Robert R. Verbanik, do atest under penalty of falsifacation to officials at, Pa.18 CSA 4904 and for Perjury at Pa. 18 CSA 4902, the following:

1. Misconduct No: A552586 was a total fabrication
2. That it was retaliation for grieving c/o Schuller.
3. That Schuller threatened to write it.
4. That I did not swear at Schuller, I did not refuse to obey an order nor did I refuse to go to work.
5. I could not have done these things for I went to work at 8Am when Schuller claims this all happened.
6. I got excused from work for coughing and sneezing and was sent back to my cell-block at about 8:20 Am. See Exhibits@ for plaintiff's misconduct
7. That the falsification of official documents is actionable under tort law and criminal law as well.

I, Robert Verbanik, atest to the truth and correctness of the foregoing statements under penalty for Perjury at 28 USC 1746 executed this 3rd day of Nov., 2011.

dated 11-3-11

Robert R. Verbanik
Robert R. Verbanik
GY6719 - Rockview
Box A
Bellefonte, Pa. 16823