Exhibit 2

Case 2:09-cv-00448-LPL   Document 103-3   Filed 03/08/12   Page 2 of 27
Case 2:09-cv-00448-LPL   Document 95-2   Filed 01/31/12   Page 18 of 26
Case 2:09-cv-00448-LPL   Document 43-2   Filed 11/19/2009   Page 18 of 26

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**A 552586**

☒ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801   INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| GV6719 | VERBANIK | SCI MERCER | 0800 | 9-11-2008 | 9-11-2008 |

| Quarters | Place of Incident |
|---|---|
| A-11-1 | C UNIT |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | CAPTAIN DECHANT | ✓ | | | | | |
| | MS. KING, UNIT MANAGER | ✓ | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** 33. USING ABUSIVE, OBSCENE, OR INAPPROPRIATE LANGUAGE TO AN EMPLOYEE. 35 REFUSING TO OBEY AN ORDER. 39 REFUSING TO WORK

**STAFF MEMBER'S VERSION** ON THE ABOVE DATE AND TIME, INMATE VERBANIK (GV6719) CAME INTO STAFF OFFICE IN A DEMANDING AND ARGUMENTATIVE MANNER. INMATE STATED "YOU NEED TO TURN THE LIGHTS OFF IN DAYROOM CELL #7." THIS WRITER EXPLAINED PER UNIT MANAGER KING AND HOUSING UNIT RULES THE LIGHT IS TO BE ON. THIS WRITER GAVE DIRECT ORDER TO LEAVE OFFICE. INMATE AGAIN ENTERED OFFICE AND ARGUED FOR LIGHTS TO BE OFF. HE WAS TOLD TO LEAVE OFFICE AGAIN. UPON EXITING STAFF OFFICE HE TURNED TOWARD THIS WRITER AND STATED "I'M GOING TO FUCKING TALK TO SOMEBODY ABOUT YOU." INMATE ALSO MADE CLAIM THAT ALL INMATES IN CELL #7 WANT LIGHT OFF. UPON QUESTIONING OTHER INMATES THIS WRITER FOUND THIS TO BE A LIE. AT THE FIRST MOVE TIME OF DAY (0900) INMATE VERBANIK SIGNED OUT TO WORK BLDG 26, HE TOLD HIS SUPERVISOR (MR. BERKLEY) THAT HE WAS SICK. INMATE SENT BACK TO C BLOCK. INMATE VERBANIK WAS LATER OBSERVED IN UNIT DOWNSTAIRS DAYROOM BY THIS WRITER AND SHIFT COMMANDER CAPTAIN DECHANT, WITH A TABLE FULL OF LEGAL WORK AND WORKING DILIGENTLY ON IT. INMATE EMPLOYED AS TUTOR.

**IMMEDIATE ACTION TAKEN AND REASON**

Refer to the hearing examiner due to repeated warnings. Inmate moved to A Block, not suitable to be housed in around unit.

☐ PRE-HEARING CONFINEMENT

IF YES

| | TIME | DATE |
|---|---|---|
| ☐ YES | | |
| ☒ NO | | |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| CO1 | | DATE 9/11/08   TIME 24 HOUR BASE 1335 hrs |

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER**

| DATE | TIME |
|---|---|
| 9/12/08 | 1335 hrs |

**MISCONDUCT CATEGORY**
☒ CLASS 1   ☐ CLASS 2

Signature of Person Serving Notice _____ CO1

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15     YELLOW — Inmate     PINK — Reporting Staff Member     GOLDENROD — Deputy Superintendent Facility Management

*DC-ADM 801 Inmate Discipline Policy, Attachment B*

| DC-141 | PART II A | COMMONWEALTH OF PENNSYLVANIA |
|---|---|---|

**DC-141** Rev. 6-84
**PART II A**
**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

| DC Number | Name | Institution | Date | Number as on Part I |
|---|---|---|---|---|
| GV6719 | VERBANIK | SCI MERCER | 9-11-08 | A 552586 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance

AC-ADM-007 ☒ I request assistance by Mr. Winfred Milner AP-6690 (Inmate Legal Reference Aide) Is Need To Assist because Eye Sight.
(The person requested must be willing to assist you)

~~Denied by Hex. Inmate is capable of present his own defense~~

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

---

1. Name of Witness: Mr. Berkley,
No. _____ Quarters _____ If Inmate
Teacher/Supervisor
Why is this person's testimony relevant and important?
Staff Who Approved My Work Layin.

**DO NOT WRITE IN THIS SECTION**
For Use by Hearing Examiner

Witness permitted? No If not, why not?
Denied by the. Not needed to determine guilt or innocence

---

2. Name of Witness: Winfred Milner
Inmate Legal Per DOC ADM 007
Reference Aide — If Inmate C-A
No. AP 6690 Quarters 2-2
Why is this person's testimony relevant and important?
I need Mr Milner because I am legally blind in my right eye, awaiting corrective surgery here at Mercer and unable to collect relevent law information for the above reason.

Witness permitted? No If not, why not?
Same as 1

---

3. Name of Witness: Thomas Molina,
No. 2 If Inmate C-13 Quarters 17-1
Why is this person's testimony relevant and important?
This man was standing by C/O's office at about 8AM. This is the time of the alledged abusive language use.

Witness permitted? No If not, why not?
Same as 1

---

*Robert R. Verbanik*
Inmate's Signature

*P. McKissock*
Hearing Examiner's Signature

This section to be completed by Housing Officer only
Received completed form 1530 hours 9-12-8
Time Date

*Dat Nory*
Housing Officer's Signature

| DC-141, Part 2 E | COMMONWEALTH OF PENNSYLVANIA | | |
| Misconduct Hearing Appeal | DEPARTMENT OF CORRECTIONS | | |
| DC Number | Name | Institution | No. From Part I |
| GV6719 | Verbanik, Robert | SCI-Mer | A552586 |

I was found guilty of misconduct number **A552586** - on **9-24-08**
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

*9/26/08*
*lw*

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

The present mis-conduct conflicts with DC.ADM. 804 IV(W) + VI (12) acts of vengence or retaliation by staff complained on or grieved and must be dismissed because of my evidence presented (a) and (b) above grounds for appeal. The hearing examiner claims she found me guilty by the preponderence of the evidence. I disagree and show "beyond a resorable doubt" my innocence and that the mis conduct was retaliation due to grievance complaints by me against S/O Schuller-see evidence 9-5 Complaint my version vs. Schuller's and my time line 2nd pg. of Inmate Version and the hearing examiner's explanation of her guilty finding. When taken under consideration the foregoing calls for reversal and dismissal - (c) above grounds for appeal.

Witnesses and representation were denied clearly against DC.ADM. 801 & 007. Mr. Winfred Milner, AP6690, was part of the above - calls for dismissal of the mis-conduct.

Similarley, the hearing examiner held the mis-conduct hearing beyond the 7 day limit allowed by D.O.C. policy. I was available at 1330 hours on 9-17-08. Even if I wasn't

*Robert R. Verbanik*                    *9/25/08*
Inmate's Signature                       Date

White – DC-15        Yellow- Inmate                    *Revised 2/01*


the policy was broken and calls for dismissal, the institution must make arrangements and I did not sign a time waver, again (a) above grounds for appe.

Yo Schuller, shows condridiction in his presentation of Fact. He claims I was arguing with him at 0:800 and later says I went to work at 0:800. Which is true? — again see (c.) above. grounds for appeal. and dismissal of mis-conduct. Also, Mr. Berkley, is a witness at 08:04 I was talking to him — see (b & c) above.

Wherefore, I ask the P.R.C. to scrutinize this author's facts presented against the facts presented by Yo Schuller and find for the accused because of the weight of the evidence presented:

    I. The mis-conduct            IV. Inmates complaint of
    II. Inmate's version              9/5/08 follow-up 9/10/08
    III. Inmate's grievance of 8/28/08 V. The present appeal.
I ask P.R.C. to overturn the ruling of guilty, lower the original mis conduct to a class II, strike the mis-condu from inmates records and any other appropriate action the P.R.C. deems necessary not to exclude a seperation order of inmate Verbanik from Yo Schuller, and a good time release from R.H.U.,

Robert Verbanik                Dated 9/25/08
Inmate Signature

| DC-141   PART II C | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Rev. 6-84   HEARING SUPPLEMENT INMATE VERSION AND WITNESS STATEMENTS | DEPARTMENT OF CORRECTIONS | | |
| DC Number | Name | Institution | No. from PART I |
| GV6719   VERBANIK, Robert | | SCI MERCER | A 552586 |

**INMATE'S VERSION**   C/O Schuller's mis conduct No A552586 of 9/11/08, makes no sense and contradicts itself. He says I committed the alleged acts at 8ᴬᴹ. Later in the write up he says I left for my work as a tutor at 8ᴬᴹ.

The leaving for work at 8ᴬᴹ is exactly right. I was talking to my Supervisor, Mr. Berkley, at about 8:07ᴬᴹ. I was sick and told my Supervisor So, he told me to return to my housing Unit. I had already put in a sick call request and have a carbon copy of the sick request.

C/O Schuller also says I lied to him - I never had any of the alleged conversation with him I was not in the house at 8ᴬᴹ. Moreover, I work at 8ᴬᴹ what do I care if the lights are on or off. Plus, sometime after or around 8:30ᴬᴹ Capt. Dechant came and talked to me for the 1st time.

The Capt asked me if I was filing some sort of paper work against C/O Schuller or if I was going to have my lawyer do something. My answer was "No." I went back into the CA dayroom waiting for 8:40 move time to go to law library I have that right, but no right to yard when lay in for sickness.

I went to law library at 8:40. I was later called back and again questioned by Capt. Dechant. The Capt. asked me if I cursed and questioned another dayroom/dorm inside on "why they don't say anything about dorm lights being on in the morning." I said no I never asked that question and "Why would I?" meaning I work in the morning I could care less about the lights.

I believe this write up to be retaliation for a greivance filed on 8/28/08, For threats on 8/22/08 by C/O Schuller and for a complaint filed with the Superintendent on/or about 9/5/08, about C/O Schuller, Interrogating me about a dropped disorderly misconduct at SCI somerset. How did he find out?

WHITE — DC-15        YELLOW — Inmate Cited        PINK — Staff Member Reporting Misconduct        GOLDENROD — Deputy Superintendent

<u>Robert Verbanik</u>

Pg. 2
In mate Version
No. A552586

GV6719  Verbanik, Robert

why did % Schuller ask about a misconduct that was dismissed at Somerset? How did he know about it?

Please See D.C. ADM. 804 IV(N) and VI(12).

A time line follows to show the progression of % Schuller's biased actions:

• 8-27-08 - Selective use of reprimands - block-card for sleeping at 6ᵗʰ count - Me, My cellmate and Arthur Sprague in C-A 8-1 because of faulty speaker <u>but</u> I was the only one reprimanded then threatened with - "go to hearing examiner", "raised to level 3" - "go to E-block" - "lose your tutor's position" - "lose pre-release status". Later before % Schuller went home "have a nice time getting up tomorrow morning Mr. Verbanik...".

• 8-28 - I wrote a greivance about % Schuller not reporting broken speaker and his threats. % Schuller was off on 8-28, % Polling E-mailed broken speaker work order.

• 8-29 - First retaliation, I was moved to 2ⁿᵈ floor dayroom dorm when Arthur Sprague was written up the week before his misconduct was torn-up with no move to a dorm-room.

• 8-29 - Also maintenance came and replaced the speaker - still did not work. (OVER)

• 8-29 In addition, C/O Schuller, went to my cellie in C-A-6-2, Robert Hurvoskey, and tried to talk him into saying that I threatened him, Mr. Hurvoskey told him no that I did not. Mr. Hurvoskey told me he would write the incident up about C/O Schuller.

• 9-3-08 Capt. Dechant asked me if I was planning on seeing C/O Schuller and went on to tell me about a stay in the hole and removel from this institution if I asked for a seperation from C/O Schuller.

• 9-5 C/O Schuller interrogated me about an S.S.I. Somerset misconduct that was thrown-out or dismissed by the hearing examiner,
*I followed this incident up with a complaint to the Superintendent — I have a copy.

• 9-11-08 I signed out for work at 8ᴬ and the rest is history. Second retaliation for my complaint to the Warden- removale to Abbot.

• 9-12 Mrs. King with Mr. Wint present said "A concern back in Dec of 07 on A block was of me making racial comments" and that she was told today that I was at it again. If that was a concern, how, while I was off the block it did not occur, and why was I brought back?

| DC-141 PART II A | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|
| Rev 6-94 INMATE REQUEST FOR REPRESENTATION AND WITNESSES | DEPARTMENT OF CORRECTIONS | | | |
| DC Number | Name | Institution | Date | Number as on Part I |
| GV6719 | VERBANIK | SCI MERCER | 9-11-08 | A 552586 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
AC-ADM-007 ☒ I request assistance by Mr. Winfred Milner, AP-6696 (Inmate Legal Reference Aide) Is Need & Assist because Eye Sight.
(The person requested must be willing to assist you)

*Denied by Hex. Inmate is capable of present his own defense*

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

DO NOT WRITE IN THIS SECTION
For Use by Hearing Examiner

1. Name of Witness: Mr. Berkley,   If Inmate No ___ Quarters ___ Teacher/Supervisor
Why is this person's testimony relevant and important?
Staff Who Approved My Work Layin.

Witness permitted? NO If not, why not?
*Denied by Hex. Not needed to determine guilt or innocence*

2. Name of Witness: Winfred Milner   Inmate Legal D Ref DC ADM 007 Reference Aide - 5   If Inmate C-A No. AP 6696 Quarters 2-2
Why is this person's testimony relevant and important?
I need Mr. Milner, because I am legally blind in my right eye, awaiting corrective surgery here at mercer and unable to collect relevent law information for the above reason.

Witness permitted? No If not, why not?
*Same as 1*

3. Name of Witness: Thomas Molina   If Inmate C-13 No. 2 Quarters 17-1
Why is this person's testimony relevant and important?
This man was standing by C/O's office at about 8AM. This is the time of the alleged abusive language use.

Witness permitted? No If not, why not?
*Same as 1*

Robert R Verbanik
Inmate's Signature

P. McKissock
Hearing Examiner's Signature

This section to be completed by Housing Officer only
Received completed form 1530 hours 9-12-8
Time   Date

Housing Officer's Signature

| DC-141  Rev. 6-84   PART II B   COMMONWEALTH OF PENNSYLVANIA |||||||
|---|---|---|---|---|---|---|
| DISCIPLINARY HEARING REPORT | | DEPARTMENT OF CORRECTIONS ||||||

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part I |
|---|---|---|---|---|---|
| GV6719 | Verbanik | SCI-Mer | 9-17-08 | 1130 | A552586 |

| INMATE PLEA | ☐ Guilty  ☒ Not Guilty 33, 35, 39 | ☐ No Plea  ☐ Other | Verdict | ☒ Guilty 33 & 35  ☐ Not Guilty | . |
|---|---|---|---|---|---|

**HEARING ACTION**

CHARGES  #33  #35  #39

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Attempted to conduct hearing at above date and time. Inmate is currently SEL. Hearing continued until next available date. Hearing continued 9/24/08 at 1023. Verbanik pleads not guilty to 33, 35 & 39. He submits a version. Hex believes CO Schuller's report over Verbanik's denial. CO Schuller's report presents a preponderance of evidence to establish that Verbanik was ordered to leave the staff office and he did not comply. He continued to be argumentative with staff. Further, he stated "I'm going to Fucking talk to somebody about you". This constitutes abusive/obscene language.

Guilty 33 & 35                    DISMISS 39

SANCTION 33 15 days
35 45 days
60 days

effective 9/12/08

SEE APPENDICES

Incident report
Witness form
version

| ☒ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
|---|---|---|
| ☒ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☒ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☒ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| P. MCKISSOCK | P. McKissock  SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE—DC-15        YELLOW—Inmate Cited        PINK—Staff Member Reporting Misconduct        GOLDENROD—Deputy Superintendent

COMMONWEALTH OF PENNSYLVANIA
STATE CORRECTIONAL INSTITUTION AT MERCER
October 23, 2008

**SUBJECT:** **RESPONSE TO APPEAL**
**MISCONDUCT # A552586**

**TO:** VERBANIK, Robert
GV-6719
Housing Unit M

**FROM:** Michael W. Harlow
Superintendent

I have reviewed your appeal dated October 8, 2008, concerning the above referenced misconduct.

You offer no new evidence or explanation that would lead me to believe that the Hearing Examiner or the Program Review Committee erred in their decisions.

Based on the above, I am upholding the decision of the Program Review Committee. Your appeal is denied.

MWH:mlh

cc: Deputy Ruffo
Major Sutter
Lieutenant Ayers
Hearing Examiner
Ms. King, Unit Manager
Mr. Wint, Corrections Counselor
Ms. Kusiak, Inmate Employment
Ms. Snider, PBPP
Ms. Reither for PRC File
DC-14 via HU M Officer
DC-15
File

# Appeal To The Superintendent

misconduct
#A552586

3V6719  Verbanik, Robert

The P.R.C. claims I plead guilty. I did not! See DC-141 Part IIB the disciplinary hearing report and see "all" my evidence and please do not gloss over my time-line of events showing the retaliation of C/O Schuller.

The findings of fact were insufficient to support the decision. On the face of C/O Schuller's misconduct it must be overturned. He made it up and this fact is very apparent. I could not be arguing with the C/O at 0800 and on my way to work at 0800. Moreover, if I was in a discussion with him and as he says he ordered me to leave his office and I do leave — How is that disobeying a direct order? Impossible! Schuller goes on to say I refused to work, but I went and was sent back. Another impossibility and a showing of Schuller's unreliability as a witness. How could the P.R.C. sustain the hearing examiner's finding of guilty with the amount of evidence "beyond a reasonable doubt" in my favor.

The punishment is disproportionate to the offence. My records are free of any similar offences and are not indicative of a liar. Therefore, the

COMMONWEALTH OF PENNSYLVANIA
STATE CORRECTIONAL INSTITUTION AT MERCER
October 23, 2008


**SUBJECT:** **RESPONSE TO APPEAL**
**MISCONDUCT # A552586**


**TO:**     VERBANIK, Robert
           GV-6719
           Housing Unit M

**FROM:**   Michael W. Harlow
           Superintendent

           I have reviewed your appeal dated October 8, 2008, concerning the above
           referenced misconduct.

           You offer no new evidence or explanation that would lead me to believe that
           the Hearing Examiner or the Program Review Committee erred in their
           decisions.

           Based on the above, I am upholding the decision of the Program Review
           Committee.  Your appeal is denied.

           MWH:mlh

           cc:    Deputy Ruffo
                  Major Sutter
                  Lieutenant Ayers
                  Hearing Examiner
                  Ms. King, Unit Manager
                  Mr. Wint, Corrections Counselor
                  Ms. Kusiak, Inmate Employment
                  Ms. Snider, PBPP
                  Ms. Reither for PRC File
                  DC-14 via HU M Officer
                  DC-15
                  File

Hearing Appeal
To P.R.C.

GV6719    Verbanik, Robert            From; A552586

The policy was broken and calls for dismissal; The institution must make arrengments and I did not sign a time waiver, again @ above grounds for appeal - must be dismissed.

%o Schuller, shows contridictions in his presentation of fact. He claims I was arguing with him at 0:800 and later says I went to work at 0:800. Which is true? - again see (a) above grounds for appeal and definate grounds for dismissal of mis-conduct. Also, Mr. Berkley, is a witness at 08:00, I was speaking to him - see (a+c) above grounds for appeal/dismissal.

Wherefore, I ask the P.R.C. to scrutanize this author's facts presented against the facts presented by %oSchuller, and find for the accused because of the weight of the evidence in favor of the accused in the form of the %o's mis conduct and its inconsistencies, the inmate's version and time line of %o Schuller's threats, attecks - retalitory actions in the form of moves from cell to dorm, then threats, then interrogation and my grievance of 8-28 and complaint to superintendent of 9-5-08, based on the interrogation of a dropped somerset mis conduct, then %oSchuller's mis conduct and move to A block of 9/11/08.

I ask the P.R.C. to overturn the hearing

examiner's guilty finding, lower the original
misconduct to a class II because I have
no record of this type of behavior, and
remove all records from inmate Verbanik's
files. Also, the P.R.C. is asked to make
any other recommendations as it deems
appropriate.

Respectfully Submitted    Dated 9/25/08
                    by:
Robert R. Verbanik

Appeal To P.R.C.

Robert Verbanik

GV6719   Verbanik, Robert

19.2
Inmate Version
No. A552586

Why did %Schuller ask about a misconduct that was dismissed at Somerset? How did he know about it?

Please See DC. ADM. 804 IV(N) and VI(12).

A time line follows to show the progression of %Schuller's biased actions:

8-21-08 - Selective use of reprimands - block-card for sleeping at 6ᵃ count - Me, My cellmate and Arthur Sprague in C-A 8-1 because of faulty speaker but I was the only one reprimanded then threatened with -"go to hearing examiner," raised to level 3-"go to F-block"-"lose your tutor's position"-"lose pre-release status". Later before %Schuller went home "have a nice time getting up tomorrow morning Mr. Verbanik."

8-28 - I wrote a greivance about %Schuller not reporting broken speaker and his threats. %Schuller was off on 8-28, %Polling E. mailed broken speaker work order.

8-29 - First retaliation, I was moved to 2ⁿᵈ floor dayroom dorm when Arthur Sprague was written up the week before his mis-conduct was toren-up with no more to a dorm-room.

8-29 - Also maintenance came and replaced the speaker - still did not work. (OVER)

Appeal To The Superintendent

Misconduct
#A552586

3V6719  Verbanik, Robert

The P.R.C. claims I plead guilty. I did not! See DC-141 Part 11B the disciplinary hearing report and see "all" my evidence and please do not gloss over my time-line of events showing the retaliation of % Schuller.

The findings of fact were insufficient to support the decision. On the face of % Schuller's misconduct it must be overturned. He made it up and this fact is very apparent. I could not be arguing with the % at 0800 and on my way to work at 0800. Moreover, if I was in a discussion with him and as he says he ordered me to leave his office and I do leave — how is that disobeying a direct order? Impossible! Schuller goes on to say I refused to work, but I went and was sent back. Another impossibility and a showing of Schuller's unreliability as a witness. How could the P.R.C. sustain the hearing examiner's finding of guilty with the amount of evidence — "beyond a reasonable doubt" in my favor.

The punishment is disproportionate to the offence. My records are free of any similar offences and are not indicative of a liar. Therefore, the punishment is cruel and unusual.

COMMONWEALTH OF PENNSYLVANIA
STATE CORRECTIONAL INSTITUTION AT MERCER
October 23, 2008


**SUBJECT:**   **RESPONSE TO APPEAL**
**MISCONDUCT # A552586**


**TO:**   VERBANIK, Robert
GV-6719
Housing Unit M

**FROM:**   Michael W. Harlow
Superintendent

I have reviewed your appeal dated October 8, 2008, concerning the above referenced misconduct.

You offer no new evidence or explanation that would lead me to believe that the Hearing Examiner or the Program Review Committee erred in their decisions.

Based on the above, I am upholding the decision of the Program Review Committee.  Your appeal is denied.

MWH:mlh

cc:   Deputy Ruffo
Major Sutter
Lieutenant Ayers
Hearing Examiner
Ms. King, Unit Manager
Mr. Wint, Corrections Counselor
Ms. Kusiak, Inmate Employment
Ms. Snider, PBPP
Ms. Reither for PRC File
DC-14 via HU M Officer
DC-15
File

*I.g. - Misconduct*

Hearing Appeal
To P.R.C.

GV6719   Verbanik, Robert          From; A552586

The policy was broken and calls for dismissal. The institution must make arrengments and I did not sign a time waiver, again (a) above grounds for appeal - must be dismissed.

C/o Schuller, shows contridictions in his presentation of fact. He claims I was arguing with him at 08:00 and later says I went to work at 08:00. Which is true? - again see (a) above grounds for appeal and definate grounds for dismissal of mis-conduct. Also, Mr. Berkley, is a witness at 08:04 I was speaking to him - see (a & c) above grounds for appeal/dismissal.

Wherefore, I ask the P.R.C. to scrutanize this author's facts presented against the facts presented by C/o Schuller, and find for the accused because of the weight of the evidence in favor of the accused in the form of the C/o's mis conduct and its inconsistencies, the inmate's version and time line of C/o Schuller's threats, attacks - retalitory actions in the form of moves from cell to dorm, then threats, then interrogation and my grievance of 8-28 and complaint to superentendent of 9-5-0 based on the interrogation of a dropped somerset mis conduct, then C/o Schuller's mis conduct and move to A block of 9/11/08.

I ask the P.R.C. to overturn the hearing

examiner's guilty finding, lower the original
misconduct to a class II because I have
no record of this type of behavior, and
remove all records from inmate Verbanik's
files. Also, the P.R.C. is asked to make
any other reccomendations as it deems
appropriate.

Respectfully Submitted   dated 9/25/08
by:
Robert R. Verbanik

*To PRC*

| DC-141, Part 2 E | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Misconduct Hearing Appeal | DEPARTMENT OF CORRECTIONS | | |
| DC Number<br>GV6719 | Name<br>Verbanik, Robert | Institution<br>SCI-Mer | No. From Part I<br>A552586 |

I was found guilty of misconduct number **A552586** _____ - on **9-24-08**
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

*9/26/08*
*ear*

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

The present mis-conduct conflicts with DC.ADM 804 IV(W) + VI (2) acts of vengence or retaliation by staff complained on or grieved and must be dismissed because of my evidence presented (and) above grounds for appeal.

The hearing examiner claims she found me guilty by the preponderance of the evidence. I disagree and show "beyond a resonable doubt" my innocence and that the mis conduct was retaliation due to complaints by me against S/O Schallen see evidence & 9-25 grievance & 9-25 complaint my version vs. Schullen's and my time line 2nd pg. of version Inmate and the hearing examiner's explanation of her guilty finding. When taken under consideration the foregoing calls for reversal and dismissal — (C.) above grounds for appeal.

Witnesses and representation were denied clearly against DC. ADM. 801 & 007, Mr. Winfred Milner, AP6690, was part of the above — calls for dismissal of the mis-conduct.

Similarley, the hearing examiner held the mis-conduct hearing beyond the 7 day limit allowed by D.O.C. policy. I was availiable at 1330 hours on 9-17-08. Even if I wasn't

| Robert R. Verbanik | 9/25/08 |
|---|---|
| Inmate's Signature | Date |

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**55 Utley Drive**

**Camp Hill, PA 17011-8028**

November 3, 2008

OFFICE OF THE
CHIEF HEARING EXAMINER

Robert Verbanik GV-6719
SCI-Mercer

       Re:  DC-ADM 801 - Final Review
           Misconduct No. A552586

Dear Mr. Verbanik:

   This is in response to your appeal to final review of the above numbered misconduct.

   In accordance with DC-ADM 801, VI, L, 3, I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to final review.

   The issues you raise to final review have already been addressed by the Program Review Committee and the Superintendent. On review of the record, this office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision. The procedures followed were in complete accordance with DC-ADM 801, §VI. The sanction imposed is not viewed to be disproportionate to the offense, and therefore will not be amended at this level.

   For the above-stated reasons, the responses provided by the Program Review Committee and the Superintendent are upheld in full. Your appeal must, therefore, be denied.

        For the Chief Hearing Examiner's Office:

        BY: _____
          Timothy I. Mark
          Deputy Chief Counsel for Hearing and
        Appeals       Office of Chief Counsel
          Pennsylvania Department of Corrections

12/14/08                                           Exhibit S.

To: Chief Hearing Examiner

Fr: Robert Verbanik
    GV6719 — Mercer
    801 Butler Pike
    Mercer, Pa. 16137

Re: Addition evidence
showing a timeline and
witness statement for
a four day campaigne of
harassment by Sgt Yohe,
C/O Yourema and C/O Gordan
over a four day period.

                                    Submitted by,
                                    Robert R. Verbanik
                  dated             GV6719
                  12/18/08

To: Chief Hearing Examiner

Re: Misconduct
Number- A552586

Fr: Robert R. Verbanik
  GV6719 S.C.I. Mercer
  801 Butler Pike
  Mercer, Pa. 16137

    The above cited misconduct written on
9-11-08, has been on appeal to your office since
10-28-08, and you have not responded.

    ADm Rule 801 C.(6),(7) and (8), respectively
state:(6). Final Appeal to "The Chief Hearing
Examiner's Office shall be <u>reviewed and
responded</u> to on <u>every</u> misconduct appeal
to final review <u>within seven working days of
recie</u>pt of all necessary records for review"

    (7). "... The Chief Hearing Examiner's Office
shall respond directly to the inmate in all
cases where the position taken by The <u>Facility</u>
is upheld."

    (8). And, "... a letter to the inmate and
memorandum to the Facility ...", shall be sent
when the C.H.E, reverses, amends or remands
a misconduct sanction.

    Therefore, this inmate asks the Cheif
Hearing Examiner to dismiss the misconduct
for his/her failure to respond in a timely manner.
it has now been twenty-one working days since
appeal filling.

                    Thank you!
                    Robert R. Verbanik

Chief Hearing Examiner

Re: Misconduct
Appeal # A 552586

Fr: Robert R. Verbanik
GVL719 - Mercer
801 Butler Pike
Mercer, Pa. 16137

I have heard nothing from you Sir since my Appeal to you filed on 10/28/08.

I also sent Further information to you on three occasions — 11/4, 11/18 and 12/8/08. With no responses from you.

The U.S. Supreme Court recognises three reasons to circumvent the exhaustion of administrative remedy exhaustion

1) Where such requirement would subject the individual to an <u>unreasonable</u> or <u>indefinite</u> time frame for action.

2) Where the Administrative agency lacks the <u>competence</u> to resolve the particular issues presented.

3) The exhaustion of administrative remedies would be futile because the administrative body is shown to be <u>biased</u> or has <u>predetermined</u> the issues before it. → see Cambell h. Chadbourne 505 F. Supp. 2d 191, 197 (2007), also see Shurney Vs. INS., 201 F. Supp. 2d 783, 789 (N.D. Ohio 2001) Citing McCarthy 503 U.S. at 146, 148, 112 S.Ct. at 1088.

In addition under 21Pa. CSA 504, The inmate

Page 2

must be given an opportunity to be heard, all testimony must be recorded and a complete record of the proceedings must be kept.

Plus at 2 Pa. c.s. 505, resonable examination and cross examination must be allowed.

Neither of these two procedural laws were followed at my hearing before the Hearing Examiner or the P.R.C. committee.

My wait for an answere from you, Sir, has been extreme to the nth degree

You must according to your own DOC policy state law and recient Federal Decisions dismiss my misconduct.

Respectfully,

dated 1/19/09        Robert R. Verbanik

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**55 Utley Drive**

**Camp Hill, PA 17011-8028**

November 3, 2008   *Recieved on 2-25-09*

OFFICE OF THE
CHIEF HEARING EXAMINER

Robert Verbanik GV-6719
SCI-Mercer

                                Re:     DC-ADM 801 - Final Review
                                        Misconduct No. A552586

Dear Mr. Verbanik:

        This is in response to your appeal to final review of the above numbered misconduct.

        In accordance with DC-ADM 801, VI, L, 3, I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to final review.

        The issues you raise to final review have already been addressed by the Program Review Committee and the Superintendent. On review of the record, this office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision. The procedures followed were in complete accordance with DC-ADM 801, §VI. The sanction imposed is not viewed to be disproportionate to the offense, and therefore will not be amended at this level.

        For the above-stated reasons, the responses provided by the Program Review Committee and the Superintendent are upheld in full. Your appeal must, therefore, be denied.

                        For the Chief Hearing Examiner's Office:

                        BY: _____
                                Timothy I. Mark
                                Deputy Chief Counsel for Hearing and Appeals
                                Office of Chief Counsel
                                Pennsylvania Department of Corrections